IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ASRAF ROBINSON, #2229990, PETITIONER, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:19-CV-1669-B-BK |
| BALDEN POLK, RESPONDENT. | § § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including findings and a recommended disposition. As detailed here, Petitioner Asraf Robinson's petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DISMISSED WITHOUT PREJUDICE**.[1]

Robinson, a state inmate proceeding without the assistance of counsel, filed a habeas corpus petition under 28 U.S.C. § 2254, asserting that while at the Hutchins State Jail, where he is presently confined, he was (1) discriminated against because he is Muslim and (2) denied "the right to exercise & practice [his] religion (Islam) in the manner prescribed…." *Id.* Specifically, Robinson maintains that Officer Ronatte Lenhart, who was acting as a substitute chaplain, restricted his ability to participate in Islamic activities and fellowship opportunities. *Id.* Robinson requests monetary compensation. Doc. 3 at 6-7.

---

[1] *See* Rule 4(b) of the Rules Governing Section 2254 Proceedings for the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

Even liberally construed, Robinson's petition does not present a cognizable basis for federal habeas corpus relief. *See* 28 U.S.C. § 2254 (providing for federal habeas relief on behalf of a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus,'" whereas "[a]n inmate's challenge to the circumstances of his confinement . . . may be brought under [42 U.S.C.] § 1983." *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (citations omitted).

Here, Robinson's claims do not seek to challenge his Dallas County conviction, for which he is presently confined, but rather the circumstances of his confinement. Further, Robinson requests only monetary relief, and not release from confinement, for the purported constitutional violations.[2]

Accordingly, Robinson's petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** as it does not present a cognizable basis for federal habeas relief. *See* Rule 4(b) of the Rules Governing Section 2254 Proceedings for the United States District Courts.

**SO RECOMMENDED** on September 3, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] As indicated, Robinson's claims may be cognizable in a civil rights complaint as they appear to relate to the conditions of his confinement. Forms for filing a civil rights complaint under 42 U.S.C. § 1983 are available in the law library of the prison unit in which Robinson is confined.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).